VÁZQUEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* RUCABADO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action for Annulment of Contract, Etc.

No. 3122.—Decided June 27, 1924.

FILIATION—LIMITATION—PLEADING.—The plaintiffs insisted that the original complaint contained allegations sufficient to support the action of filiation which the court held was barred by limitation when set up in the amended complaint. *Held:* That the fact that the plaintiffs alleged in the original complaint that during the life of their putative father they possessed the status of his natural children and continued with that status after his death by the acknowledgment of his legitimate daughter, the defendant, does not warrant the conclusion that the action of filiation was asserted in that complaint, inasmuch as the said allegation was made in support of an action for the annulment of a sale of alleged hereditary rights, etc., and that was the action really maintained.

The facts are stated in the opinion.

*Mr. M. A. Martínez* for the appellants.

*Mr. B. Fernández García* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

On June 10, 1921, Teresa Vázquez and María Torres Ortiz sued Carmen Luisa Rucabado Llera and Agustín Fernández Colón, all of lawful age, in an "action of nullity of contract and completion of inheritance," setting up two causes of action. In the first they prayed for the annulment of a certain contract entered into by the plaintiffs with defendant Agustín Fernández Colón and in the second for recovery from the other defendant of the balance of their inheritance. In the first they alleged in substance that Mateo Rucabado Argumosa, the father of defendant Carmen Luisa Rucabado Llera, died intestate in Cayey, Porto Rico, on June 18, 1920, leaving as his sole and universal heirs his legitimate daughter, one of the defendants, his acknowledged natural daughters, the plaintiffs, and his widow Isabel Llera as usufructuary; that during the lifetime of their father, Mateo Rucabado, the plaintiffs were in possession of the status of natural children and continued to hold it after his death by acknowledgment on the part of the said legitimate daughter; that a few days before his death and with the intention of depriving the plaintiffs of their share in the estate upon his death, or for other reasons unknown to the plaintiffs, Mateo Rucabado Argumosa falsely and simulatedly transferred the greater part of his real property to an agricultural partnership of Cayey; that a few days after the death of Mateo Rucabado Argumosa the defendant legitimate daughter, relying upon such false transfer and for the purpose of preventing any judicial action by the plaintiffs for the recovery of their shares in the estate of their natural father, made through agents false, fraudulent and deceitful representations to the plaintiffs tending to show that the estate amounted to only $75,000 out of which some debts would have to be paid and offered the plaintiffs the sum of $20,000 for their rights and interests in the estate as acknowledged natural daughters of Mateo

Rucabado, stating that if the offer should be refused she would oppose any judicial action that the plaintiffs might bring to recover their inheritance; and the plaintiffs, believing that the estate amounted to $75,000, accepted the offer of $20,000, and then, in order that the legitimate daughter should not appear as acquiring the rights and interests of the plaintiffs in the estate of her deceased father, the other defendant, Agustín Fernández Colón, was engaged for that purpose and in a public deed of July 26, 1920, he appears as purchasing the rights and interests of the plaintiffs in the estate of their father and paying for the same, when the fact was that it was the said legitimate daughter who acquired and paid for them; that after this assignment of rights the defendant and the widow, Isabel Llera, made a partition of the estate, which amounts to more than $75,000. The prayer of the second cause of action is that the plaintiffs recover, as a complement of their inheritance, the difference between the $20,000 received by them and the amount to which they were really entitled.

A demurrer was interposed to that complaint and on February 10, 1922, the plaintiffs filed an amended complaint in which Isabel Llera was included as a party defendant. The amended complaint is styled an "action of filiation, nullity of contract and completion of inheritance" and sets up three causes of action, praying that the plaintiffs be declared the acknowledged natural daughters of Mateo Rucabado Argumosa with the right to bear his name and to share in his estate; that the contract entered into between the plaintiffs and Agustín Fernández Colón on July 26, 1920, be adjudged null and void, and that the legitimate daughter be ordered to complete the inheritance of the plaintiffs as acknowledged natural daughters of Mateo Rucabado Argumosa.

The first cause of action alleges that Mateo Rucabado Argumosa died on the date and in the manner stated; that

one of the plaintiffs was born in 1892 and the other in 1896, both being natural daughters of Mateo Rucabado, and then recites all of the other facts necessary for a declaration that the plaintiffs are acknowledged natural daughters of Mateo Rucabado Argumosa. The second and third causes of action are the same as those set up in the original complaint.

This amended complaint was demurred to on several grounds, the principal one being that the action of filiation therein set up is barred in accordance with section 194 of the Civil Code, as amended by Act No. 73 of March 9, 1911; and the trial court having held that the action of filiation, the basis of the other two causes of action, was barred by limitation, at the instance of the plaintiffs judgment was rendered dismissing the complaint and the plaintiffs thereupon took the present appeal.

Inasmuch as in accordance with the said section of the Civil Code an action for the acknowledgment of natural children can be brought only during the life of the presumptive parents, or within a year after their death, except in such cases as the same section prescribes, in none of which the plaintiffs are included, and inasmuch as the action of filiation set up in the amended complaint was brought on February 10, 1922, or more than one year after the death of Mateo Rucabado, which occurred when the plaintiffs were 24 and 28 years of age respectively, that action is clearly barred if it was not included in the original complaint, which was filed within one year after the death of Rucabado; therefore, the question in this appeal is whether, as the appellants maintain, they set up in the original complaint the action of filiation as the first cause of action.

The summary made of the first cause of action of the original complaint convinces us that it did not set up an action of filiation, as is shown clearly not only by the title of the action and the prayers of the original complaint, but

also principally by the allegations of the first cause of action which did not recite the facts necessary to constitute an action of filiation, for although it is stated therein several times that the plaintiffs. were the acknowledged natural daughters of Mateo Rucabado Argumosa, that statement is made for the sole purpose of showing the interest of the legitimate daughter in acquiring the alleged rights and interests of the plaintiffs in the estate and that the contract entered into by them with Agustín Fernández Colón was procured by fraud and deceit and should be annulled by the court. This conclusion of the trial court and of this court is strengthened further by the fact that in the amended complaint the plaintiffs expressly alleged the facts necessary for obtaining a declaration of their acknowledgment as natural daughters of Mateo Rucabado Argumosa, for the widow, as usufructuary heir, was brought in as a party defendant and not only was the title of the complaint modified so as to include an action of filiation, but also a third prayer was added to the effect that the plaintiffs be declared the acknowledged natural daughters of Mateo Rucabado Argumosa, with a right to share in his estate. The allegations of the first cause of action of the original complaint show that the plaintiffs were not seeking to be declared the acknowledged natural daughters of Mateo Rucabado, but that, considering themselves to be such acknowledged natural daughters, they sought the annulment of a contract into which they had been led by deceit.

For all of the foregoing we conclude that the action of filiation pleaded for the first time in the amended complaint is barred by limitation; therefore, the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.